COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


LEROY LEO EDMONDS, JR.
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1853-95-1        JUDGE SAM W. COLEMAN III
                                              JULY 16, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

          Ruthie Litvin (Kevin M. Diamonstein;
          Diamonstein, Becker & Staley, on brief), for
          appellant.

          Marla Graff Decker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Leroy Leo Edmonds, Jr. appeals his bench conviction for

possession of heroin with intent to distribute in violation of

Code § 18.2-248.  Edmonds contends that the trial court erred by

denying his motion to suppress the heroin because the police

illegally took it from his pocket.  He asserts that the police

seized the heroin after obtaining his consent to be searched,

which consent was coerced and was not freely and voluntarily

given.  We hold that the heroin was lawfully seized, and we

affirm the defendant's conviction.

     Officer W. S. Warren observed the driver of a vehicle make a

turn without signalling.  He stopped the vehicle in order to

issue the driver a traffic summons.  Officer Warren spoke to the

---
     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

driver, who consented to being searched and to having the vehicle searched. After talking with the driver, Officer Warren asked the passengers to exit the car one at a time. The defendant was sitting in the front passenger seat and another individual was sitting in the backseat. Officer Warren testified that he stopped the car solely because of the illegal turn and that he had no information that the occupants were engaged in any criminal activity. The record contains no explanation as to why Officer Warren requested to search the driver or the vehicle in what appears to have been a routine traffic infraction.

In response to Officer Warren's request, the defendant exited the vehicle and produced identification. Officer Warren asked the defendant "if he had weapons, knives or drugs on his person," to which the defendant responded that he did not. When Officer Warren asked the defendant whether he would consent to a pat down search, the defendant refused. According to Warren, the defendant "was acting somewhat nervous." Officer Warren then requested that the other passenger exit the vehicle. The other passenger did so and consented to a pat down search.

After searching and talking with the other passenger, Officer Warren again asked the defendant again "if he had any weapons or anything on his person." Officer Warren then said to the defendant:

> Sir, if I have reasonable suspicion you might
> be carrying a weapon on your person, I have
> the obligation to pat you down, and in the
> course of the pat down if I feel something I
> felt could be contraband I have cause to

arrest you.

Immediately after this statement, the defendant responded that he had "two packs of something in [his] pocket," and he began to reach into his pocket. Officer Warren stopped the defendant, reached into the defendant's pocket, and retrieved twelve packs of heroin.

"On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of the motion to suppress constituted reversible error." Stanley v. Commonwealth, 16 Va. App. 873, 874, 433 S.E.2d 512, 513 (1993). In making our review of whether a warrantless search is legal under the Fourth Amendment, we give deference to the trial court's findings of historical facts and the inferences that reasonably may have been drawn therefrom. But, in determining whether the Commonwealth proved legal consent to search, our review of whether the search was in accordance with the defined legal standards and criteria, as applied to the facts, is de novo. Ornelas v. United States, ___ U.S. ___ (1996).

Here, Officer Warren lawfully stopped the vehicle and its occupants after witnessing the driver make a turn without giving the required signal. When the driver consented to Officer Warren searching the vehicle, the driver expanded the scope of the lawful search beyond what would have been justified by a routine traffic stop. Bethea v. Commonwealth, 245 Va. 416, 419, 429

S.E.2d 211, 213 (1993); see also Limonja v. Commonwealth, 7 Va. App. 416, 424, 375 S.E.2d 12, 16-17 (1988) (stating that after receiving consent to search the vehicle, the officers "had [the occupants] exit the car and stand to the rear"), aff'd en banc, 8 Va. App. 532, 383 S.E.2d 476 (1989), cert. denied, 495 U.S. 905, 110 S. Ct. 1925, 109 L.Ed.2d 288 (1990). Although Officer Warren had no reason to suspect that the defendant had engaged in criminal activity or possessed weapons and was dangerous, the driver's permission to search the vehicle "reasonably warrant[ed] th[e] intrusion" of asking the passengers to exit the vehicle. Id.

The defendant contends that after exiting the vehicle he did not freely and voluntarily consent to be searched but rather was coerced into doing so. He asserts that when he admitted to possessing heroin he did so only because Officer Warren pressured the admission by continuing to seek his consent for a pat down search, after he had refused, and by explaining that he could frisk the defendant for weapons if he had reason to believe that the defendant might be carrying a weapon. He argues that on these facts the Commonwealth has failed in its burden of establishing the voluntariness of a consent to search "[w]hen [it] seeks to rely upon consent to justify the lawfulness of a search." Schneckloth v. Bustamonte, 412 U.S. 218, 222, 93 S. Ct. 2041, 2045, 36 L.Ed.2d 854 (1973) (quoting Bumper v. North Carolina, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L.Ed.2d 797

- 4 -

(1968)) (emphasis added).

On the other hand, the Commonwealth contends that this case does not involve a consensual frisk or pat down and that we should not reach that issue. Rather, the Commonwealth argues that Officer Warren had probable cause to search the defendant when the defendant admitted that he possessed two packets of heroin and began to reach into his pocket. Thus, the relevant inquiry is whether, on this record, Officer Warren had probable cause to search the defendant. The Commonwealth asserts that the trial court did not have to determine whether the defendant freely and voluntarily consented to a search in deciding the motion to suppress. See Commonwealth v. Kilgore, 15 Va. App. 684, 695, 426 S.E.2d 837, 843 (1993) ("When a trial court makes the correct decision, it will be upheld even though the wrong reason for the decision was stated at the time the opinion was rendered"). We agree that no search or seizure occurred until after the defendant admitted that he had heroin and reached for his pocket, at which time the officer had probable cause to search him or seize the heroin.

Officer Warren did not violate the Fourth Amendment by questioning the defendant or by asking him for permission to conduct a search, or by continuing to seek consent for a search after the defendant initially refused such consent. See United States v. Morrow, 731 F.2d 233, 236 (4th Cir.), cert. denied, 467 U.S. 1230, 104 S. Ct. 2689, 81 L.Ed.2d 883 (1984); State v.

- 5 -

Green, 575 A.2d 1308, 1315 (N.H. 1990); 3 Wayne R. LaFave, Search and Seizure § 8.2(f), at 673 (3d ed. 1996).  Furthermore, in attempting to persuade the defendant to consent to a search, it was not improper for Officer Warren to explain his authority and obligations under the law, so long as the explanation did not misrepresent the law or otherwise mislead the defendant.  See Deer v. Commonwealth, 17 Va. App. 730, 735, 441 S.E.2d 33, 36 (1994); Bosworth v. Commonwealth, 7 Va. App. 567, 571, 375 S.E.2d 756, 758 (1989).

Officer Warren testified that he told the defendant, in a normal tone of voice, that
> if I have reasonable suspicion you might be
> carrying a weapon on your person, I have the
> obligation to pat you down, and in the course
> of the pat down if I feel something I felt
> could be contraband I have cause to arrest
> you.

This was not a misstatement of the law; if a police officer "'perceive[s]' a suspicious object" in the course of conducting a lawful Terry frisk, he has probable cause to "seize it immediately" and arrest the individual.  Ruffin v. Commonwealth, 13 Va. App. 206, 209, 409 S.E.2d 177, 179 (1991).  After Officer Warren gave a correct explanation of the law, the defendant stated, "I've got two packs of something in my pocket," and began to reach into his pocket.  Warren testified that he understood the defendant to have said that he had heroin in his pocket.

In determining whether probable cause existed to conduct a warrantless search, "the test of constitutional validity is

whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987) (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)). The defendant's admission that he had "two packs of something in [his] pocket" and began to reach for it provided Officer Warren with probable cause to search the defendant's pocket and retrieve the heroin. See Allen v. Commonwealth, 3 Va. App. 657, 662, 353 S.E.2d 162, 165 (1987) (holding that "[a]t the moment of the detention appellant['s] . . . statement that he was carrying a concealed weapon furnished sufficient probable cause to justify the search of his person"). Accordingly, the trial court properly denied the motion to suppress the heroin, and we affirm the defendant's conviction.

Affirmed.