COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


MOMAR O. GUY, s/k/a
 MOMAR OBOI GUY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1949-99-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JUNE 27, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                  Charles L. McCormick, III, Judge

          Tracy L. Quackenbush, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Momar O. Guy (appellant) was convicted in a bench trial of

larceny, subsequent offense, in violation of Code §§ 18.2-96

and 18.2-103.  The trial court denied appellant's pretrial motion

to suppress evidence seized from a search of his person and a

subsequent statement made to a police officer.  On appeal, he

argues that the evidence was insufficient to justify a Terry frisk

for weapons.  In the alternative, he argues that the search

exceeded the scope of a Terry pat-down search for weapons and that

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the "plain feel" doctrine does not apply.  For the following reasons, we reverse the judgment of the trial court.

                                    I.

On appeal, the defendant bears the burden to establish that denying the motion to suppress was reversible error.  Whether a seizure occurred and whether a frisk for weapons was constitutionally valid involve questions of law and fact which we review de novo on appeal.  See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).  "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them. . . ."  Id. (citing Ornelas, 517 U.S. at 699).  We view the evidence in the light most favorable to the prevailing party, the Commonwealth in this instance.  See Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

Viewed in this light, the evidence at the suppression hearing established that on May 27, 1998, Officer Daniel Frazier (Frazier) was providing security for the grand opening of a Wal-Mart.  On that occasion, Frazier was standing at appellant's car writing a parking summons for failure to display a town decal.  "At that point in time [Frazier] noticed [appellant] come out of the Wal-Mart, walk two rows over and duck down behind a pick-up truck and was looking above the bed of the

-

pick-up truck at [Frazier]." The officer "motioned" appellant over to him and asked for identification. Upon learning that appellant had a suspended license, Frazier issued appellant a traffic summons for driving on a suspended operator's license. Appellant indicated he was going to call someone to drive him home.

As Frazier was finishing the paperwork in his car, a woman approached him and advised him that appellant "had gone back over to the pick-up truck and picked something up . . . and stuck it in the waistband -- in the crotch of his pants." When the officer looked up, he saw appellant behind the pick-up truck walking towards the store.

The officer directed appellant back to him and asked appellant "what he had stuck down in his pants." Frazier testified as follows:

> [Appellant] told me -- I don't know if he made any statement or not. I think he told me he didn't have anything. At that point in time I put him against the car and told him to put his hands on the car. I stepped back, patted him down for weapons. I went to the crotch area and I felt a square box. At that point I knew it wasn't a weapon. I asked him to remove it or asked him what it was and he removed it.

The item was a "Walkman" device that was still in its store packaging. Appellant was handcuffed, taken into the store to the security officer, and questioned. According to Frazier,

-

appellant stated that he had stolen the "Walkman" because "he was bored."

The trial court denied appellant's pretrial motion to suppress the evidence and subsequent statements and convicted appellant of larceny, subsequent offense, in violation of Code §§ 18.2-96 and 18.2-103.

## II.

Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations, including the following: "(1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995) (citations omitted). An investigatory stop may be initiated only when an officer has "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." Brown v. Texas, 443 U.S. 47, 51 (1979); see Terry v. Ohio, 392 U.S. 1, 21-22 (1968).

Assuming, without deciding, that the stop and frisk for weapons in the instant case was permissible under Terry,[1] the

---

[1] As an initial matter, the Commonwealth contends that the issue of whether the officer reasonably stopped appellant was not properly preserved at trial and, thus, is barred by Rule 5A:18. However, because we assume, without deciding, that the stop was constitutionally valid, the Commonwealth's procedural challenge is moot.

-

removal of the object from inside appellant's clothing exceeded the scope of that pat-down frisk for weapons.  It is well established that "[a] search for weapons in the absence of probable cause to arrest . . . must, like any other search, be strictly circumscribed by the exigencies which justify its initiation."  Id. at 25-26 (citing Warden v. Hayden, 387 U.S. 294 (1967)).  "The purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence. . . ."  Adams v. Williams, 407 U.S. 143, 136 (1972).  Thus, the pat-down frisk "must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby . . . ."  Terry, 392 U.S. at 26.  See also Ybarra v. Illinois, 444 U.S. 85, 94-94 (1979) ("Nothing in Terry can be understood to allow a generalized 'cursory search for weapons' or, indeed, any search whatever for anything but weapons.").

In Minnesota v. Dickerson, 508 U.S. 366 (1993), the United States Supreme Court established the "plain feel" doctrine, which holds that contraband discovered during a lawful Terry stop is admissible so long as the search does not exceed the bounds permitted by Terry.  See id. at 373.  Thus, if the contour or mass of the object makes its identity immediately apparent, the officer may lawfully seize it.  See id. at 375.  Once an officer has determined that the object is not a weapon,

-

however, and if its shape or size does not indicate its contraband nature, the search must stop.  See id. at 378.

In the instant case, Frazier's search of appellant should have ceased once the officer determined that appellant possessed no weapons.  See Harris v. Commonwealth, 241 Va. 146, 152, 400 S.E.2d 191, 195 (1991).  When the officer patted down appellant's "crotch area" and "felt a square box," he immediately "knew it wasn't a weapon."  Frazier did not know what the object was and could only describe it as "[h]ard box shaped."  Indeed, Frazier did not learn that the item was stolen until well after it was removed from appellant's pants when the officer escorted appellant to Wal-Mart security inside the store.  Here, the officer's search of appellant's pants and seizure of the "square box" after having concluded that it was not a weapon was unrelated to the sole justification of the pat-down frisk (i.e., "the protection of the police officer and others nearby.").  Therefore, "it amounted to the sort of evidentiary search that Terry expressly refused to authorize." Dickerson, 508 U.S. at 378.

While the officer was not required to be certain of the item's nature, he was required to possess probable cause that the item was either contraband or evidence of a crime.  See Ruffin v. Commonwealth, 13 Va. App. 206, 209, 409 S.E.2d 177, 179 (1991).  Because the evidence was insufficient to establish probable cause that appellant had committed a crime, the search

-

exceeded the bounds permitted by <u>Terry</u>.  Accordingly, the trial court erred in refusing to suppress the evidence.

For the following reasons, we reverse the judgment of the trial court and dismiss the indictment.

<u>Reversed and dismissed.</u>

-