Present:  Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and
Agee, JJ., and Russell, S.J.

TAVARES LAMONT BROWN

v.  Record No. 050639    OPINION BY JUSTICE ELIZABETH B. LACY
                                       November 4, 2005
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we determine whether, based on the totality of the circumstances, a police officer had probable cause to arrest an individual seen holding a hand-rolled cigarette.

FACTS AND PROCEEDINGS

Officer Edward C. Lambert, III's supervisor instructed him to patrol a particular block of Lakeview Avenue in Richmond, Virginia, because of several recent shootings and a homicide in the area.  One morning while patrolling the area, Officer Lambert observed a red automobile parked in an alley in a manner that would not allow a wide emergency vehicle to pass through the alley.  Officer Lambert got out of his patrol car and, as he approached the vehicle, four men standing nearby quickly walked away in different directions.  When he reached the red car, Officer Lambert saw the defendant, Tavares Lamont Brown, asleep in the passenger seat holding a partially-burned, hand-rolled cigarette in one hand and a lighter in the other.  Officer Lambert woke Brown up, took the

items out of his hands, and asked him to step out of the vehicle. The record does not reflect Officer Lambert observed any drug related items in the vehicle or around Brown. Further, Officer Lambert testified that he later smelled the cigarette and "did not believe it to be marijuana" because "it smelled like tobacco."

A subsequent search of Brown's pockets produced a folded $5.00 bill. Laboratory tests showed that the hand-rolled cigarette and the folded money contained traces of cocaine and heroin, respectively.

Brown was charged with possession of cocaine and possession of heroin, violations of Code § 18.2-250. He filed a motion to suppress the evidence arguing that it "was obtained during a warrantless and unlawful search." At the suppression hearing, Officer Lambert testified that Brown was seized "when [Officer Lambert] approached the vehicle and saw the hand[-]rolled item in his hand." Officer Lambert further testified that, based on his 19 years of law enforcement experience during which he saw over 100 hand-rolled cigarettes each containing a controlled substance, he "knew" Brown's hand-rolled cigarette contained a controlled substance. On cross-examination, Officer Lambert agreed that some people roll their own tobacco cigarettes.

At the conclusion of the suppression hearing, the trial court denied Brown's motion to suppress, finding Officer Lambert had probable cause to search Brown:

> In looking at the totality of the circumstances and looking at the car blocking an alley, four males standing near the car and then dispersing when the police officer shows up, the fact that this gentleman is sound asleep in the car at 7:30 a.m. in the morning, the fact that this officer testified that the smoking item in his experience of more than hundreds of times he's encountered the situation it has never contained just tobacco, his strong belief about the fact that it contained an illegal substance, I believe he had probable cause to arrest this individual and any search subsequent to that arrest was legal and valid.

In a bench trial, the trial court found Brown guilty on both charges and sentenced him to a total of 20 years imprisonment with 16 years and 6 months suspended. The Court of Appeals of Virginia affirmed the trial court's judgment. Brown v. Commonwealth, No. 0160-04-2 (February 22, 2005). Brown then appealed to this Court.

### DISCUSSION

Brown argues here, as he did in the trial court and Court of Appeals, that Officer Lambert did not have probable cause to arrest him and, therefore, the evidence of cocaine and heroin should have been suppressed as the fruit of an unconstitutional search. [1]

---

[1] We note that Officer Lambert searched Brown before officially arresting him. This does not affect our probable

3

The Fourth Amendment to the United States Constitution safeguards the privacy and security of individuals against arbitrary invasions by governmental officials. Camara v. Municipal Court, 387 U.S. 523, 528 (1967). Searches and seizures may be conducted in compliance with the Fourth Amendment if they are reasonable. Elkins v. United States, 364 U.S. 206, 222 (1960). Searches and seizures conducted pursuant to a particularized warrant based on probable cause as adjudged by a magistrate are reasonable. See Massachusetts v. Sheppard, 468 U.S. 981, 987-91 (1984); McDonald v. United States, 335 U.S. 451, 455-56 (1948). Because law enforcement will not always be in a position to secure a warrant prior to detaining or searching persons suspected of criminal activity, searches and seizures based on probable cause that the individual is engaged in criminal activity are also reasonable for purposes of the Fourth Amendment. Whren v. United States, 517 U.S. 806, 819 (1996); United States v. Watson, 423 U.S. 411, 423-24 (1976).

Whether an officer has probable cause to arrest an individual in the absence of a warrant is determined under an objective test based on a reasonable and trained police

---

cause analysis because a search conducted before an arrest is not invalid if probable cause to arrest the person existed at the time of the search. See Italiano v. Commonwealth, 214 Va. 334, 336, 200 S.E.2d 526, 528 (1973).

4

officer's view of the totality of the circumstances.  See
Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53
(1998).  On appellate review, we give deference to the
historical facts determined by the trial court, but we review
de novo whether the legal standard of probable cause was
correctly applied to the historical facts.  Jackson v.
Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004);
see Ornelas v. United States, 517 U.S. 690, 699 (1996).  To
determine whether probable cause exists, we "will focus upon
'what the totality of the circumstances meant to police
officers trained in analyzing the observed conduct for
purposes of crime control.' "  Taylor v. Commonwealth, 222 Va.
816, 820-21, 284 S.E.2d 833, 836 (1981) (quoting Hollis v.
Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)).

In this case, the probable cause requirement arose when
Officer Lambert approached the car and saw the hand-rolled
cigarette, the point at which the parties agree Brown was
seized. Thus, the circumstances relevant to the probable cause
determination are the position of the red car in an alley in
an area Officer Lambert had been instructed to patrol, the
dispersal of four men when Officer Lambert approached the red
car, finding of Brown asleep in the car at 7:30 a.m. with a
partially-burned, hand-rolled cigarette in his hand, and the
strong belief of Officer Lambert that the hand-rolled

cigarette contained a controlled substance based on his prior experience with hand-rolled cigarettes.

The red car's position and the dispersal of the four men could indicate criminal activity under some circumstances; however, here, the basis for such indication could no longer be supported when Officer Lambert found Brown asleep in the car. Brown was not engaged in any activity implicating the position of the car or the other men. The Court of Appeals also referred to the area as a "high crime" area, but this characterization and the directive to patrol the area were based on a recent history of violent crimes and, again, provided no support to the proposition that the sleeping Brown was engaged in such activities.

Officer Lambert's experience with controlled substances and his observation of a hand-rolled cigarette in Brown's hand undoubtedly support Officer Lambert's suspicion that Brown may have been engaged in criminal activity. We have considered a number of instances in which an officer's expertise and training made his observation of an item suspected to contain contraband a significant factor in the probable cause analysis. In none of these cases, however, has that fact alone supported a finding of probable cause when the suspicious item is also capable of legitimate use.

In Matthews v. Commonwealth, 218 Va. 1, 2, 235 S.E.2d 306, 306 (1977), an officer stopped Matthews for speeding and observed a "pack of cigarette wrapping papers" and a "folded brown paper bag." We held the officer did not have probable cause to look inside the bag because the connection he made between the bag and the cigarette wrapping papers "was not combined with any other circumstance which might have justified a rational belief that the bag contained contraband drugs." Id. at 3, 235 S.E.2d at 307. Similarly, in Harris v. Commonwealth, 241 Va. 146, 154, 400 S.E.2d 191, 196 (1991), we rejected the Commonwealth's argument that an officer had probable cause to open a film canister found during a valid investigatory stop and pat down because the officer recognized it as a container often used to hold drugs. We observed that although in the officer's experience people kept drugs in film canisters, law-abiding citizens used film canisters for legitimate purposes, and we concluded that no probable cause existed because the only other evidence to support a finding of probable cause in that case was a report from an informant who was not shown to be reliable. Id.

We have found that the requisite probable cause for a warrantless search of a vehicle existed based on the police officer's belief that a hand-rolled cigarette held by a passenger contained marijuana combined with the passenger's

actions in attempting to hide or get rid of the hand-rolled cigarette. Hollis, 216 Va. at 877, 223 S.E.2d at 889. In Lawson v. Commonwealth, 217 Va. 354, 355, 228 S.E.2d 685, 686 (1976), the officer testified that he observed a yellow bag that "looked like a 'nickel bag of marijuana.' " We concluded that the totality of the circumstances supported a finding of probable cause to arrest a passenger in a vehicle because officers observed the driver and passenger repeatedly pass the yellow bag between them and the passenger locked the car door as the officers approached the car. Id. at 357-58, 228 S.E.2d at 687.

These cases show that for the last 25 years, this Court has consistently declined to find that probable cause can be established solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates that such material is often used for illegitimate purposes. To support a finding of probable cause, such observations must be combined with some other circumstance indicating criminal activity. This requirement is consistent with that of many other jurisdictions that have considered the issue. See, e.g., United States v. Anderson, 401 F.Supp. 996, 1000 (E.D. Tenn. 1975) (officer did not have probable cause to arrest upon observing a " 'home-made looking' cigarette in the ashtray" of a car because he "had no

8

way of knowing at that instant whether it contained tobacco, corn-silks, 'rabbit-tobacco', [sic] marijuana or a myriad of other combustible substances"); Thomas v. Superior Court, 99 Cal. Rptr. 647, 652 (Ct. App. 1972) (presence of hand-rolled cigarette insufficient to form probable cause without "evidence of other circumstances such as attempted concealment of the item, the defendant's distinctive manner of smoking it, the odor of burned marijuana, the defendant's evasiveness or abnormal physical condition, an admission by the defendant, or the arresting officer's expertise on the subject"); Caplan v. State, 531 So.2d 88, 91-92 (Fla. 1988) (the mere observation of a hand-rolled cigarette without more cannot constitute probable cause); People v. Wright, 400 N.E.2d 731, 733-34 (Ill. App. Ct. 1980) (mere observation of a hand-rolled cigarette does not without additional circumstances furnish reasonable cause to arrest the suspect or seize the item); State v. Ball, 471 A.2d 347, 353 (N.H. 1983) ("To transform mere suspicion about the contents of the hand-rolled cigarette into a reasonable belief based on probable cause, the officer must articulate additional corroborating facts."); see also 2 Wayne R. LaFave, Search and Seizure § 3.6(b), at 317-18 (4th ed. 2004).

Because Officer Lambert's strong suspicion that the hand-rolled cigarette in Brown's possession contained contraband

9

was not sufficient by itself to establish probable cause to arrest Brown, and because as explained above, the other relevant circumstances could not support a reasonable conclusion that the sleeping Brown was engaged in criminal activity, the conclusion that the totality of the circumstances established probable cause to arrest Brown was error.[2]

CONCLUSION

Considering the totality of the circumstances, Officer Lambert did not have probable cause to arrest and search Brown and, thus, the trial court erred in denying Brown's motion to suppress the evidence. Accordingly, we will reverse the judgment of the Court of Appeals, vacate Brown's convictions, and remand the case to the Court of Appeals with direction to remand the matter to the trial court for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded</u>.

---

[2] The Commonwealth also argues that even if Officer Lambert lacked probable cause, the evidence could have been admitted under the doctrine of inevitable discovery. The Commonwealth did not raise this argument below, and we will not consider an alternative argument raised for the first time on appeal. See Eason v. Eason, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963).

10