COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


TONY DONNELL GRANDISON
                                                      OPINION BY
v.        Record No. 2218-04-2            JUDGE JEAN HARRISON CLEMENTS
                                                      JUNE 6, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Daniel W. Hall, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Karri B. Atwood, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Tony Donnell Grandison (appellant) was convicted in a bench trial of possession of cocaine,

in violation of Code § 18.2-250. On appeal, he contends the trial court erred in denying his motion

to suppress, arguing that the cocaine was not legally obtained by the police under the plain view

doctrine. For the reasons that follow, we affirm the trial court's judgment and appellant's

conviction.

I.  BACKGROUND

On appeal of a denial of a motion to suppress, we view the evidence in the light most

favorable to the Commonwealth and grant to the Commonwealth all reasonable inferences fairly

deducible from that evidence. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407

S.E.2d 47, 48 (1991). So viewed, the evidence established that, on November 25, 2003, at

approximately 4:56 a.m., Officer Matthew P. Gilstrap was called to assist another police officer in a

traffic stop of a vehicle that had been reported stolen. After the vehicle was stopped in a "high

crime area" known for drug activity, Officer Gilstrap approached the passenger side of the vehicle and directed appellant, the front seat passenger, to get out of the car. Concerned about officer safety, Officer Gilstrap immediately handcuffed appellant and patted down the "outer layer of his clothing" for weapons.

During the pat down, Officer Gilstrap, who was standing behind appellant, felt a hard object in the front watch pocket of appellant's jeans. Believing the object to be a cigarette lighter, Officer Gilstrap "turned and looked" at the pocket and observed, in plain view, three objects protruding from the pocket: a cigarette lighter, a short piece of drinking straw, and a folded one-dollar bill. The dollar bill was protruding halfway out of the pocket and was folded in a manner that Officer Gilstrap immediately recognized as an "apothecary fold." "Knowing" that a dollar bill so folded almost certainly contained contraband, Officer Gilstrap removed the bill from appellant's pocket and unfolded it. Inside the bill, Officer Gilstrap discovered a substance that subsequent laboratory analysis revealed was cocaine.

Officer Gilstrap was qualified at trial as an expert in drug packaging. He indicated that an "apothecary fold" is commonly used to conceal and carry contraband. He explained that an "apothecary fold" occurs when a dollar bill "is folded three times lengthwise with the material, whatever it is you're trying to hide on the inside, and then the two ends are folded toward the middle."

Appellant moved to suppress the cocaine at trial, arguing that Officer Gilstrap illegally seized and searched the folded dollar bill containing the cocaine. Finding that the cocaine inside the folded dollar bill was legally obtained under the plain view doctrine, the trial court denied the motion to suppress and convicted appellant of possession of cocaine.

This appeal followed.

## II. ANALYSIS

On appeal, appellant asserts that Officer Gilstrap lacked probable cause to seize and search the folded dollar bill in his watch pocket without a warrant. Thus, he contends the trial court erred in ruling that the cocaine found inside the folded dollar bill was legally obtained under the plain view doctrine and in denying his motion to suppress the cocaine found inside the dollar bill.

"On appeal from a trial court's denial of a motion to suppress, the burden is on the appellant to show that the denial of the motion constituted reversible error." Emerson v. Commonwealth, 43 Va. App. 263, 272, 597 S.E.2d 242, 247 (2004). In reviewing the trial court's decision, "we give deference to the historical facts determined by the trial court, but we review de novo whether the legal standard of probable cause was correctly applied to the historical facts." Brown v. Commonwealth, 270 Va. 414, 422, 620 S.E.2d 760, 764 (2005).

"The plain view doctrine is an exception to the general rule that warrantless searches and seizures are presumptively unreasonable." Harris v. Commonwealth, 241 Va. 146, 152, 400 S.E.2d 191, 195 (1991). To lawfully seize and search an object under the plain view doctrine, an officer "must be lawfully in position to 'perceive' [the] suspicious object, and . . . must have probable cause to believe [the object] to be contraband." Arnold v. Commonwealth, 17 Va. App. 313, 318, 437 S.E.2d 235, 238 (1993). For a police officer to have probable cause to support such a warrantless seizure and search of a suspicious item, "it must be 'immediately apparent' to the police officer that the item he observes may be [or may contain] . . . contraband." Ruffin v. Commonwealth, 13 Va. App. 206, 209, 409 S.E.2d 177, 179 (1991) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 466 (1971)); see Commonwealth v. Ramey, 19 Va. App. 300, 304, 450 S.E.2d 775, 777 (1994) ("The 'immediately apparent' requirement equates to probable cause in the context of 'plain view.'"); Arnold, 17 Va. App. at 318, 437 S.E.2d at 238 (concluding that

a police officer had probable cause under the plain view doctrine to believe a shopping bag observed in plain view inside a car "was or contained" contraband).

Here, Officer Gilstrap, while conducting a pat-down search of appellant for weapons, observed the suspicious object—the folded dollar bill—in plain view protruding from appellant's watch pocket. Appellant does not challenge, on appeal, the lawfulness of Officer Gilstrap's position during the pat-down search. Indeed, appellant concedes the investigatory stop and pat-down search of appellant were "legitimate under the circumstances." Instead, relying on our Supreme Court's decisions and rationale in Harris and Brown, he contends Officer Gilstrap lacked probable cause to believe the folded dollar bill, an everyday object carried by law-abiding citizens for legitimate usage, contained contraband. The Commonwealth argues that Arnold and Carson v. Commonwealth, 12 Va. App. 497, 404 S.E.2d 919, aff'd en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992), are more directly on point with the facts of the present case and support the trial court's determination that Officer Gilstrap had probable cause to believe the folded dollar bill contained contraband. We agree with the Commonwealth.

> "[P]robable cause is a flexible, common sense standard. It merely requires that the facts available to the officer 'would warrant a man of reasonable caution in the belief,' that certain items may be contraband . . . ; it does not demand any showing that such a belief be correct or more likely true than false."

Ruffin, 13 Va. App. at 209, 409 S.E.2d at 179 (alteration in original) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality opinion) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925))). "In determining whether probable cause exists[,] courts will test what the totality of the circumstances meant to police officers trained in analyzing and observing conduct for purposes of crime control." Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976). However, as our Supreme Court explained in Brown v. Commonwealth, 270 Va. at 420, 620 S.E.2d at 763, although "an officer's expertise and training [make] his observation of an item

- 4 -

suspected to contain contraband a significant factor in the probable cause analysis . . . [,] that fact alone [does not] support[] a finding of probable cause when the suspicious item is also capable of legitimate use." In other words, the Court explained further, a finding of probable cause may not

> be established solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates that such material is often used for illegitimate purposes. To support a finding of probable cause, such observations must be combined with some other circumstance indicating criminal activity.

Id. at 420-21, 620 S.E.2d at 763.

For example, in Harris, a police officer seized and searched a film canister discovered on the defendant's person during a pat-down search for weapons. 241 Va. at 148, 400 S.E.2d at 192. Holding the officer did not have probable cause to believe the film canister contained contraband, the Court stated:

> It is true that [the officer] knew from his personal experience of working "plain clothes assignments" and "making arrests" that certain people kept their narcotics and drugs in film canisters and "things of that nature." However, law-abiding citizens, on a daily basis, also use film canisters to store film, which is a legitimate use. At best, [the officer] had a "hunch" and a report from an informant. However, the record in this case does not contain any evidence that the informant was reliable or credible.

Id. at 154, 400 S.E.2d at 196.

Conversely, in Carson, a police officer seized and searched a cut-off straw observed in plain view between a motorist's legs. 12 Va. App. at 499, 404 S.E.2d at 920. Focusing on the officer's testimony that it was "the type straw that people use to ingest cocaine through their noses," we held that "the distinctive character of the straw coupled with the officer's experience 'would warrant a man of reasonable caution' to believe that the straw might be useful as evidence of a crime." Id. at 502, 404 S.E.2d at 922 (quoting Texas v. Brown, 460 U.S. at 742). Distinguishing the straw from the film canister seized in Harris, we stated as follows:

> The Court reasoned [in Harris] that "law-abiding citizens, on a daily basis, also use film canisters to store film, which is a legitimate use." [241 Va. at 154, 400 S.E.2d at 196.] In contrast, the item seized in this case is a one and one-half to two inch straw. The uniqueness of the straw's size distinguishes it from straws one would usually encounter for legitimate purposes. See [Texas v.] Brown, 460 U.S. at 746 (concurring opinion).
>
> Although possible, it is highly unlikely that a straw this size would have a legitimate use. Even assuming a legitimate use exists for a straw this size, probable cause to believe the straw is evidence of a crime may nonetheless be established. Even the uninflated, tied-off balloon [seized by a police officer under the plain view doctrine] in Texas v. Brown may have been simply a remnant of a birthday party and not an item used for carrying narcotics. However, an investigating officer does not have to "deal with hard certainties, but with probabilities," and is permitted to make "common-sense conclusions about human behavior" in assessing a situation. Id. at 742.

Carson, 12 Va. App. at 502, 404 S.E.2d at 922.

In Arnold, a police officer seized and searched a plastic shopping bag observed in plain view next to a passenger in a car. 17 Va. App. at 315, 437 S.E.2d at 236. "Based on the manner in which the bag was folded and his experience in retail security, [the officer] concluded that the bag might be lined with foil, a method used by shoplifters to disable the anti-theft tags commonly placed on clothing." Id. Distinguishing Harris and applying our reasoning in Carson, we held that the police officer "had probable cause to believe the bag was or contained evidence of a crime." Id. at 318, 437 S.E.2d at 238. We explained:

> Although as in Harris, the shopping bag in this case was of the sort that law-abiding citizens put to legitimate use on a daily basis, [the officer] testified that the manner in which the bag was folded led him to suspect, based on his training and experience, that it was lined with aluminum foil [f]or use as a shoplifting aid.

Id. at 320, 437 S.E.2d at 239.

In Brown v. Commonwealth, a police officer seized a "partially-burned, hand-rolled cigarette" from a passenger asleep in a car. 270 Va. at 417, 620 S.E.2d at 761. The officer testified at trial that, although the cigarette smelled like tobacco rather than marijuana, he "knew"

from his experience as a law enforcement officer that the "hand-rolled cigarette contained a controlled substance." Id. The Court held that the officer lacked probable cause to believe the cigarette contained contraband because the officer's "strong suspicion that the hand-rolled cigarette . . . contained contraband" was unsupported by any "other circumstance indicating criminal activity." Id. at 421, 620 S.E.2d at 763-64. The officer's experienced-based suspicion, the Court concluded, "was not sufficient by itself to establish probable cause." Id. at 421, 620 S.E.2d at 764.

It is clear that the determinative, distinguishing factor in each of these cases was the observed nature of the item seized by the police. Although often used for illegitimate purposes, the items seized in Harris and Brown v. Commonwealth—the film canister and hand-rolled cigarette, respectively—were "facially innocent vessel[s] of a type employed by law-abiding citizens, on a daily basis, for legitimate uses." Ruffin, 13 Va. App. at 209, 409 S.E.2d at 179. Because there was nothing in those cases that made it immediately apparent to the officer that the items observed in plain view were being used illegitimately, probable cause did not exist to believe they contained contraband. Conversely, the items seized and searched in Carson and Arnold were items legitimately used by law-abiding citizens on a daily basis that had been noticeably manipulated in a manner that was consistent with illegitimate usage. The size of the cut-off straw in Carson led the officer, based on his experience and training, to suspect it was used for snorting cocaine. The shopping bag in Arnold was folded in a manner that led the officer, based on his experience, to suspect it had been lined with aluminum foil for shoplifting purposes. Because the items had been manipulated in a way that made it immediately apparent to the officers that they may contain contraband, the officers had probable cause to seize and search them.

Here, like the cut-off straw in Carson and the foil-lined shopping bag in Arnold, the dollar bill seized and searched by Officer Gilstrap was an item legitimately used by law-abiding citizens on a daily basis that had been manipulated in a manner consistent with illegitimate usage. Qualified as an expert in drug packaging, Officer Gilstrap indicated at trial that the distinctive manner in which the dollar bill he saw protruding from appellant's watch pocket had been folded led him to immediately suspect, based on his training and experience, that it contained contraband. The bill, he explained, was manipulated into an "apothecary fold," which involves a series of systematic folds and is a common method for concealing and carrying contraband. Thus, the unique manner in which the bill was manipulated "distinguishes it from [bills] one would usually encounter for legitimate purposes." Carson, 12 Va. App. at 502, 404 S.E.2d at 922. Hence, unlike the film canister in Harris and the hand-rolled cigarette in Brown v. Commonwealth, the distinctively folded dollar bill Officer Gilstrap observed protruding from appellant's watch pocket was not a "facially innocent vessel of a type employed by law-abiding citizens, on a daily basis, for legitimate uses." Ruffin, 13 Va. App. at 209, 409 S.E.2d at 179.

Moreover, Officer Gilstrap also observed in plain view a short piece of drinking straw protruding from the same pocket as the folded dollar bill. The cut-off straw, having been manipulated in a manner consistent with illegitimate usage, was itself indicative of illicit drug activity. See Carson, 12 Va. App. at 502-03, 404 S.E.2d at 922-23. In addition, Officer Gilstrap was aware at the time he observed the dollar bill and straw that appellant had been an occupant of a reportedly stolen vehicle that had been stopped in a high crime area known for drug activity.

In light of the totality of these circumstances, "the incriminating nature of the [folded dollar bill] was immediately apparent." Id. at 501, 404 S.E.2d at 921. Indeed, the distinctive manner in which the dollar bill was folded, the bill's presence in appellant's watch pocket next to the cut-off straw, and the circumstances surrounding the observation of the dollar bill, "coupled

with the officer's experience[,] 'would warrant a man of reasonable caution' to believe" that the folded bill may contain contraband.  Id. at 502, 404 S.E.2d at 922 (quoting Texas v. Brown, 460 U.S. at 742).

We hold, therefore, that Officer Gilstrap had probable cause to believe the distinctively folded dollar bill contained contraband.  Accordingly, his warrantless seizure and search of the bill were lawful under the plain view doctrine.

### III.  CONCLUSION

For these reasons, we affirm the trial court's denial of appellant's motion to suppress, and appellant's conviction.

Affirmed.