PRESENT: Hassell, C.J., Lacy, Koontz, Kinser, Lemons and Agee, JJ., and Stephenson, S.J.

TONY DONNELL GRANDISON
                                        OPINION BY
v.  Record No. 061296   SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                        June 8, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA

    In this appeal, we determine whether a police officer violated the Fourth Amendment's prohibition against unreasonable searches and seizures when the officer removed a folded one-dollar bill from the defendant's pocket and unfolded it to reveal drugs.

                              I

    After a bench trial in the Circuit Court of the City of Petersburg, Tony Donnell Grandison was convicted of possession of cocaine, in violation of Code § 18.2-250.  During the trial, Grandison moved to suppress the evidence.  The trial court denied the motion, finding that the cocaine had been legally seized under the "plain view doctrine."  Thereafter, the trial court sentenced Grandison to imprisonment for ten years, with eight years suspended.

    The Court of Appeals affirmed the trial court's judgment. Grandison v. Commonwealth, 48 Va. App. 314, 630 S.E.2d 358 (2006).  We awarded Grandison this appeal.

On November 25, 2003, about 4:56 a.m., Officer Matthew P. Gilstrap of the Petersburg City Police Department was called to assist another officer in a traffic stop of a vehicle that had been reported stolen.  The vehicle was stopped in a "high crime area" of downtown Petersburg that was known for drug activity.

Officer Gilstrap approached the passenger side of the vehicle and directed Grandison, the front seat passenger, to step out of the vehicle.  When Grandison exited the vehicle, Officer Gilstrap immediately handcuffed Grandison because the officer was concerned for his own safety considering the time and circumstances of the detention.  Officer Gilstrap then conducted a pat-down search of Grandison's outer clothing for weapons.

During the pat-down search, Officer Gilstrap felt a hard object in the front watch pocket of Grandison's jeans.  The object was a cigarette lighter. When the officer looked down at the lighter, he observed a piece of drinking straw and a folded one-dollar bill protruding from the pocket.[*]  The dollar bill was protruding halfway out of the pocket and was folded in what Officer Gilstrap recognized as an "apothecary fold."  The officer testified that, when he saw the bill's apothecary fold,

---

[*] The lighter and straw were not produced as evidence at trial.

he immediately recognized it as a way of packaging cocaine. Thereupon, Officer Gilstrap pulled the folded bill out of Grandison's pocket and opened it. Inside the bill, the officer discovered a substance that, from a subsequent laboratory analysis, proved to be cocaine.

Officer Gilstrap was familiar with the packaging and storage of drugs from his training and experience as a police officer. Consequently, the trial court qualified him as an expert in the packaging of drugs. Officer Gilstrap stated that an apothecary fold is a method commonly used to conceal and carry contraband. He explained that an apothecary fold results when a dollar bill "is folded three times lengthwise with the material, whatever it is that you're trying to hide on the inside, and then the two ends are folded over toward the middle."

### III

In Harris v. Commonwealth, 241 Va. 146, 149, 400 S.E.2d 191, 193 (1991), we said the following:

> The Fourth Amendment of the Constitution of the United States provides in part that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." This inestimable right of personal security belongs to all citizens, whether they are in the comfort of their homes or on the streets of our cities.

The Supreme Court, in Terry v. Ohio, 392 U.S. 1, 27 (1968), recognized that, in certain circumstances, a police officer may conduct a limited search of a subject who has been detained but not arrested. When a detention is not an arrest based upon probable cause, the right of a police officer to search a subject is limited to a search of the subject's outer clothing "to discover weapons which might be used to assault [the officer]." Id. at 30.

An officer who conducts a Terry pat-down search is justified in removing an item from a subject's pocket if the officer reasonably believes that the object might be a weapon. Lansdown v. Commonwealth, 226 Va. 204, 213, 308 S.E.2d 106, 112 (1983). Additionally, the removal of an item from a subject's pocket is also justified if the officer can identify the object as suspicious under the "plain feel" variation of the plain view doctrine. Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993); see Murphy v. Commonwealth, 264 Va. 568, 574, 570 S.E.2d 836, 839 (2002). However, an item may not be retrieved under the plain view doctrine unless it is "immediately apparent" to the officer that the item is evidence of a crime. Coolidge v. New Hampshire, 403 U.S. 443, 466 (1971); Murphy, 264 Va. at 574, 570 S.E.2d at 839.

An accused's claim that evidence was seized in violation of the Fourth Amendment to the United States Constitution presents

4

a mixed question of law and fact that we review de novo on appeal. Murphy, 264 Va. at 573, 570 S.E.2d at 838; see Ornelas v. United States, 517 U.S. 690, 691, 699 (1996). The accused has the burden of showing that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, is reversible error. McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001).

IV

We find the facts in the present case to be strikingly similar to those in Harris. In Harris, a police officer seized and searched a film canister discovered on a subject's person during a pat-down search for weapons. 241 Va. at 148, 400 S.E.2d at 192. The officer justified opening the canister based upon his personal experience on "plain clothes assignments" and "making arrests," which led him to conclude that the canister contained drugs. Id. at 154, 400 S.E.2d at 196. In concluding that the officer did not have probable cause to believe that the canister contained contraband, we said,

> It is true that [the officer] knew from his personal experience of working "plain clothes assignments" and "making arrests" that certain people kept their narcotics and drugs in film canisters and "things of that nature." However, law-abiding citizens, on a daily basis, also use film canisters to store film, which is a legitimate use.

Id.

5

We also find the facts in the present case somewhat analogous to those in Brown v. Commonwealth, 270 Va. 414, 620 S.E.2d 760 (2005). In Brown, the police found a subject who was sleeping in a car in an alley in a high-crime area. The subject had a hand-rolled cigarette in his possession. The arresting officer, based upon his experience with hand-rolled cigarettes, concluded that the cigarette contained narcotics. Id. at 417, 620 S.E.2d at 761. We held that the officer did not have probable cause to arrest the subject, stating:

> [F]or the last 25 years, [we have] consistently declined to find that probable cause can be established solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates that such material is often used for illegitimate purposes. To support a finding of probable cause, such observations must be combined with some other circumstance indicating criminal activity.

Id. at 420-21, 620 S.E.2d at 763.

In the present case, Grandison had legal currency in his possession when Officer Gilstrap made a Terry pat-down search for weapons. At that time, all that the officer saw was about one-half of a folded dollar bill protruding from Grandison's watch pocket. As with the canister in Harris and the hand-rolled cigarette in Brown, the folded dollar bill was legal material with a legitimate purpose, even though Officer Gilstrap, based on his experience, knew that dollar bills folded in a similar manner are often used as containers for drugs. No

6

other circumstances indicated criminal activity.  Consistent with our holdings in Harris and Brown, we conclude that, in the present case, Officer Gilstrap did not have probable cause to retrieve the dollar bill from Grandison's possession.

V

We hold, therefore, that the trial court erred in refusing to suppress the evidence obtained as the result of an unlawful seizure and that the Court of Appeals erred in affirming the trial court's judgment.  Accordingly, we will reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals with directions to remand the case to the trial court for a new trial if the Commonwealth be so advised.

Reversed and remanded.

JUSTICE AGEE, with whom JUSTICE KINSER and JUSTICE LEMONS join, dissenting.

The majority opinion relies upon two prior decisions of this Court, Harris v. Commonwealth, 241 Va. 146, 400 S.E.2d 191 (1991) and Brown v. Commonwealth, 270 Va. 414, 620 S.E.2d 760 (2005), to conclude Officer Gilstrap did not have probable cause to seize Grandison's dollar bill containing cocaine because "the folded dollar bill was legal material with a legitimate purpose."  Thus, the majority concludes the Court of Appeals erred in affirming Grandison's conviction for possession of cocaine.  In my view, neither Harris nor Brown is applicable to

7

the case at bar, and the police officer's search did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures.  Accordingly, I would affirm Grandison's conviction.

Neither Harris nor Brown involved the distinctive circumstance before us: the manipulation of an otherwise "legitimate" object in such a way as to indicate illegitimate usage and thus provide probable cause to the arresting officer who views such a manipulated object in plain view.  For purposes of appeal, it is important to note that there is no issue the dollar bill was found in plain view and was manipulated into an "apothecary fold."  Grandison did not assign error to those findings by the circuit court, and consequently those facts are the law of the case.  Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc., 249 Va. 144, 154, 452 S.E.2d 847, 852 (1995) (where appellant "did not object or assign error to [the circuit court's] ruling, it . . . become[s] the law of the case").

Grandison's dollar bill shaped in the unique apothecary fold indicating drug packaging is dissimilar from the ordinary film canister in Harris or the hand-rolled cigarette in Brown. Neither the film canister nor the cigarette reflected an intentional manipulation of an otherwise legitimate object into an item that a trained police officer could identify as

8

contraband on the basis of the manipulation.  This is a critical distinction that renders the majority's reliance on Brown and Harris inapplicable, particularly in view of other precedent more directly on point.

The United States Supreme Court in Texas v. Brown, 460 U.S. 730 (1983), upheld a conviction for heroin possession when police, conducting a routine driver's license checkpoint stop, observed the defendant holding an opaque party balloon, knotted one-half inch from the tip, between the two middle fingers of his hand.  Id. at 733.  In upholding the conviction, the Supreme Court considered testimony of the police officer that "balloons tied in the manner of the one [in this case] were frequently used to carry narcotics."  Id. at 743.  The Supreme Court ruled "the distinctive character of the balloon itself spoke volumes as to its contents – particularly to the trained eye of the officer."  Id. at 743.  The balloon at issue in Texas was an otherwise legitimate object which any citizen could possess. However, because of the manipulation for an illegitimate use, there was sufficient basis to form probable cause.

The Court of Appeals in Arnold v. Commonwealth, 17 Va. App. 313, 437 S.E.2d 235 (1993), similarly considered the reasonableness of a search by a police officer who viewed the defendant's folded plastic shopping bag in plain view in the back seat of a stopped vehicle.  Id. at 315, 437 S.E.2d at 236.

The officer testified based on his experience in retail security that the manner in which the shopping bag was folded indicated the bag had been intentionally lined with foil to prevent anti-theft devices in stores from detecting tags on clothing. Id. In affirming the defendant's conviction for receiving stolen property, the Court of Appeals concluded:

> [a]lthough . . . the shopping bag in this case was of the sort that law-abiding citizens put to legitimate use on a daily basis, Officer Craig testified that the manner in which the bag was folded led him to suspect, based on his training and experience, that it was lined with aluminum foil for use as a shoplifting aid.

Id. at 320, 437 S.E.2d at 239.

Arnold relied in part on the Court of Appeals' earlier decision in Carson v. Commonwealth, 12 Va. App. 497, 404 S.E.2d 919 (1991), which upheld the conviction of a defendant for possession of marijuana with intent to distribute and possession of cocaine with intent to distribute, when the defendant was observed in a vehicle at a toll booth with a "one-and-a-half to two inch" cut straw on the seat between his legs. Id. at 498-99, 404 S.E.2d at 920. The arresting officer knew that cut straws often corresponded with cocaine usage, and the court considered how the straw had been intentionally cut and concluded that "[t]he uniqueness of the straw's size distinguishes it from straws one would usually encounter for legitimate purposes." Id. at 502, 404 S.E.2d at 922. This

Court granted an appeal in Carson on several issues, including the validity of the seizure of the straw, and we affirmed that court's ruling on the issue by expressly adopting "the reasons articulated in the Court of Appeals' opinion." Carson v. Commonwealth, 244 Va. 293, 294, 421 S.E.2d 415, 416 (1992).

Texas, Arnold and Carson all support the premise in a Fourth Amendment context that an ordinarily lawful or legitimate object, discovered in plain view during an otherwise lawful seizure like a Terry stop, can be the basis of probable cause where the object has been manipulated in a way so as to reflect an illegitimate purpose. That factual predicate was simply absent in Harris and Brown, as there was no evidence the otherwise legitimate objects of a film canister and a cigarette had been manipulated in any way. Thus, the film canister and cigarette could not form the basis of probable cause. In contrast, like the items in Texas, Arnold and Carson, Grandison's dollar bill, creased in an apothecary fold and found in plain view, was a proper basis for probable cause to search by virtue of the manipulation of an otherwise lawful object for an illegitimate purpose.

In affirming Grandison's conviction, the Court of Appeals effectively synthesized these cases and applied them to the facts of this case:

11

It is clear that the determinative, distinguishing factor in each of these cases was the observed nature of the item seized by the police. Although often used for illegitimate purposes, the items seized in Harris and Brown v. Commonwealth – the film canister and hand-rolled cigarette, respectively – were "facially innocent vessel[s] of a type employed by law-abiding citizens, on a daily basis, for legitimate uses." [Ruffin v. Commonwealth, 13 Va. App. 206, 209, 409 S.E.2d 177, 179 (1991)]. Because there was nothing in those cases that made it immediately apparent to the officer that the items observed in plain view were being used illegitimately, probable cause did not exist to believe they contained contraband. Conversely, the items seized and searched in Carson and Arnold were items legitimately used by law-abiding citizens on a daily basis that had been noticeably manipulated in a manner that was consistent with illegitimate usage. The size of the cut-off straw in Carson led the officer, based on his experience and training, to suspect it was used for snorting cocaine. The shopping bag in Arnold was folded in a manner that led the officer, based on his experience, to suspect it had been lined with aluminum foil for shoplifting purposes. Because the items had been manipulated in a way that made it immediately apparent to the officers that they may contain contraband, the officers had probable cause to seize and search them.

Here, like the cut-off straw in Carson and the foil-lined shopping bag in Arnold, the dollar bill seized and searched by Officer Gilstrap was an item legitimately used by law-abiding citizens on a daily basis that had been manipulated in a manner consistent with illegitimate usage. Qualified as an expert in drug packaging, Officer Gilstrap indicated at trial that the distinctive manner in which the dollar bill he saw protruding from appellant's watch pocket had been folded led him to immediately suspect, based on his training and experience, that it contained contraband. The bill, he explained, was manipulated into an "apothecary fold," which involves a series of systematic folds and is a common method for concealing and carrying contraband. Thus, the unique manner in which the bill was manipulated "distinguishes it from [bills] one would usually encounter for legitimate

12

purposes." Carson, 12 Va. App. at 502, 404 S.E.2d at 922. Hence, unlike the film canister in Harris and the hand-rolled cigarette in Brown v. Commonwealth, the distinctively folded dollar bill Officer Gilstrap observed protruding from appellant's watch pocket was not a "facially innocent vessel of a type employed by law-abiding citizens, on a daily basis, for legitimate uses." Ruffin, 13 Va. App. at 209, 409 S.E.2d at 179.

Grandison v. Commonwealth, 48 Va. App. 314, 322-23, 630 S.E.2d 358, 362-63 (2006).

I find the Court of Appeals' analysis correct and persuasive. In my view, the circuit court did not err when it refused to suppress the evidence obtained from the police officer's search of Grandison, and the Court of Appeals did not err when it affirmed Grandison's conviction. Therefore, I respectfully dissent and would affirm the judgment of the Court of Appeals.