COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued by teleconference


COMMONWEALTH OF VIRGINIA

v.        Record No. 2551-07-2

PAIGE ELIZABETH ANDERSON

MEMORANDUM OPINION[*] BY
JUDGE ELIZABETH A. McCLANAHAN
MARCH 18, 2008


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellant.

Patrick D. Kelley for appellee.


The Commonwealth appeals an order of the trial court granting Paige Elizabeth

Anderson's motion to suppress evidence.  Appellee stands indicted in the Circuit Court of the

City of Richmond for possession of marijuana with the intent to distribute in violation of Code

§ 18.2-248.1.  The charge arose out of the seizure of a knotted plastic baggie of marijuana from

Anderson's purse, which was located in her vehicle.  The circuit court granted Anderson's

motion to suppress and ruled that the marijuana, located in the baggie and recovered from

Anderson's purse in the vehicle, was obtained in violation of the Fourth Amendment of the

United States Constitution.

In reviewing the trial court's decision on Anderson's motion to suppress evidence, we

consider the evidence and all reasonable inferences flowing from that evidence in the light most

favorable to Anderson, the prevailing party.  Jackson v. Commonwealth, 267 Va. 666, 672, 594

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 595, 598 (2004). "[T]he burden is upon [the Commonwealth, the losing party below,] to show that the ruling, when the evidence is considered most favorably to [Anderson, the prevailing party below], constituted reversible error." Lovelace v. Commonwealth, 37 Va. App. 120, 124, 554 S.E.2d 688, 689 (2001) (citation and internal quotation marks omitted).

Considering the totality of the circumstances and viewing the evidence and all reasonable inferences flowing from the evidence in the light most favorable to Anderson, we agree with the trial court's conclusion that Grandison v. Commonwealth, 274 Va. 316, 645 S.E.2d 298 (2007), controls the outcome of the case, and consistent therewith, the evidence did not establish probable cause to believe there was marijuana inside the baggie in Anderson's purse. See also Brown v. Commonwealth, 270 Va. 414, 421, 620 S.E.2d 760, 763 (2005).

For these reasons, we affirm the judgment of the trial court.

Affirmed.