**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court building in the City of Richmond on Friday, the 18th day of April, 2008.

Matthew John Brandenburg Snell,                                    Appellant,

      against      Record No. 070528
                    Court of Appeals No. 2840-05-1

Commonwealth of Virginia,                                          Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is reversible error in the judgment of the Court of Appeals.

Snell contends the circuit court erred in denying his motion to suppress because Portsmouth City Police Officer George Brazzo lacked reasonable suspicion to detain him. The Court of Appeals held that Officer Brazzo had probable cause to suspect Snell was a runaway juvenile and that Code § 16.1-246(G) provided statutory authority for the initial detention. Snell v. Commonwealth, Record No. 2840-05-1, slip op. at 3 (Feb. 13, 2007) (unpublished). Snell does not assign error to that determination of the Court of Appeals and therefore we do not review that portion of Snell's argument on appeal. Rule 5:17(c).

Snell contends the Court of Appeals also erred because it did not reverse the circuit court's refusal to sustain his motion to suppress the seizure of the folded dollar bill from his wallet.

Snell argues that the Court of Appeals based its judgment on Grandison v. Commonwealth, 48 Va. App. 314, 630 S.E.2d 358 (2006), which has since been reversed by this Court's judgment in Grandison v. Commonwealth, 274 Va. 316, 645 S.E.2d 298 (2007). We agree with Snell that our decision in Grandison is the controlling authority in this case and the Court of Appeals' judgment as to the seizure of the dollar bill is therefore reversible error.

In reversing the Court of Appeals' judgment in Grandison, we ruled that "the folded dollar bill was legal material with a legitimate purpose" and held that the police officer lacked probable cause to seize and search that dollar bill. Id. at 321, 645 S.E.2d at 300-01. The dollar bill in Grandison and the dollar bill seized by Officer Brazzo in the case at bar are not materially distinguishable. Thus, the judgment of the Court of Appeals conflicts with our holding in Grandison. The police officer in the case at bar did not have probable cause to seize the folded dollar bill and Snell's motion to suppress should have been granted by the circuit court. Accordingly, the judgment of the Court of Appeals is reversed, the conviction is vacated, and the indictment is dismissed.

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Portsmouth.

This order shall be published in the Virginia Reports.

2

_____

JUSTICE LEMONS, with whom JUSTICE KINSER and JUSTICE AGEE join, dissenting.

I have examined the dollar bill in question. It is tightly folded into a square measuring 1 inch by 3/4 inch. By virtue of its compact folding, its thickness is significant. It is folded in a manner that would keep any powdered contents inside and unable to leak out because the folds encompass all four sides.

The Court today decides that our decision in Grandison v. Commonwealth, 274 Va. 316, 645 S.E.2d 298 (2007) controls the outcome of this case and further notes that, as was the situation in Grandison, "the folded dollar bill was legal material with a legitimate purpose." The majority thus concludes that the officer lacked probable cause to seize and search the folded dollar bill recovered from the defendant.

In this case, it is important to remember that we are not dealing with certainties or even a standard requiring proof "beyond a reasonable doubt," rather, we must consider probabilities.

> The legal standard of probable cause, as the term suggests, relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. The presence or absence of probable cause is not to be examined from the perspective of a legal technician. Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed. Draper v. United States, 358 U.S. 307, 313 (1959); Schaum v. Commonwealth, 215 Va. 498, 500, 211 S.E.2d 73, 75

3

(1975).  In order to ascertain whether probable cause exists, courts will focus upon "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."  Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

Taylor v. Commonwealth, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981).

The question is not whether the presence of such an unusually folded dollar bill provides proof beyond a reasonable doubt of its contents.  Rather, the question is one of probable cause that contraband may be inside the unusually folded dollar bill thereby justifying the seizure and search.  We are required to consider probabilities, not certainties, and to do so through the eyes of a reasonable police officer who has specialized training.

In my opinion, the unusually folded dollar bill provided sufficient justification for the seizure and the search.  Grandison was wrongly decided and so is this case.

A Copy,

Teste:

Patricia L. Harrington, Clerk

4