COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Huff, Judges Petty and Alston
Argued at Chesapeake, Virginia

GREGORY L. ALLEN SPAULDING

v.      Record No. 0394-15-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROSSIE D. ALSTON, JR.
FEBRUARY 9, 2016

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Robert Moody, IV, Chief Deputy Public Defender, for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Gregory Spaulding (appellant) appeals the trial court's denial of his motion to suppress

and his conviction of possession of cocaine based upon his conditional plea of guilty entered

pursuant to Code § 19.2-254. Specifically, appellant argues that the trial court erred by denying

his motion to suppress because "the search of the dollar bill [found in appellant's pants] violated

[appellant's] Fourth Amendment rights." We agree with appellant that the trial court erred by

denying appellant's motion to suppress and therefore reverse his conviction and dismiss the

charge against appellant.

---

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. Background[1]

This case was submitted to the trial court and this Court on stipulated facts. No evidence was presented or admitted at the hearing on appellant's motion to suppress. The stipulated facts indicate that on November 2, 2013, Officer Stephens of the Newport News Police Department responded to a call of shots fired and found the victim, appellant, who had been shot in the leg. Officer Stephens rode in the back of an ambulance with appellant to the hospital. In order to attend to his leg wound, the paramedics removed appellant's pants in the ambulance and handed them to Officer Stephens. Officer Stephens checked the pants' pockets, purportedly to check for appellant's identification, and found several items, including an identification card for appellant and a folded-up piece of paper money. Officer Stephens unfolded what turned out to be a five-dollar bill and inside found what he suspected to be and ultimately was confirmed to be powder cocaine. Appellant stated that he was conscious during the ambulance ride and that therefore, a search of his pants for his identification was unnecessary.

Appellant moved to suppress the cocaine, arguing that it was found as the result of an illegal search because Officer Stephens had no authorization to search his pants in the ambulance as appellant was conscious during the trip to the hospital, that he was the victim and not a suspect of a crime, and that he had an expectation of privacy in the ambulance. The Commonwealth argued that Officer Stephens lawfully searched for appellant's identification and that he conducted a proper inventory search pursuant to Newport News policy for a crime victim's personal effects when receiving medical treatment.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The trial court denied appellant's motion to suppress, finding that Officer Stephens had the right to look for identification in appellant's pants' pockets. Appellant subsequently entered a conditional plea of guilty to one count of possession of cocaine pursuant to Code § 19.2-254. The trial court found appellant guilty and sentenced him to three years' incarceration with all three years suspended for a period of five years. This appeal followed.

## II. Analysis

When reviewing the denial of a motion to suppress, "we will review the evidence in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences that may be drawn. The burden to establish that the denial of a motion to suppress constituted reversible error rests with the defendant." Smith v. Commonwealth, 41 Va. App. 704, 712, 589 S.E.2d 17, 21 (2003) (quoting King v. Commonwealth, 39 Va. App. 306, 308, 572 S.E.2d 518, 519 (2002)). "An accused's claim that evidence was seized in violation of the Fourth Amendment to the United States Constitution presents a mixed question of law and fact that we review *de novo* on appeal." Cauls v. Commonwealth, 55 Va. App. 90, 95, 683 S.E.2d 847, 849 (2009) (quoting Grandison v. Commonwealth, 274 Va. 316, 320, 645 S.E.2d 298, 300 (2007)). In determining whether a violation of an accused's Fourth Amendment rights occurred, "we give deference to the factual findings of the circuit court, but we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." Id. at 95-96, 683 S.E.2d at 849 (quoting McCain v. Commonwealth, 275 Va. 546, 551-52, 659 S.E.2d 512, 515 (2008)).

The Fourth Amendment to the Federal Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "Therefore, warrantless searches are *per se* unreasonable, subject to a few specifically established and well-delineated exceptions, Thompson v. Louisiana,

469 U.S. 17, 19-20 (1984), and the Commonwealth has the heavy burden of establishing an exception to the warrant requirement." Megel v. Commonwealth, 262 Va. 531, 534, 551 S.E.2d 638, 640 (2001); Cauls, 55 Va. App. at 98, 683 S.E.2d at 850 ("the general rule [is] that warrantless searches and seizures are presumptively unreasonable" (quoting Harris v. Commonwealth, 241 Va. 146, 152, 400 S.E.2d 191, 195 (1991))).

In the present case, the Commonwealth failed to provide any facts to support a constitutional basis for the warrantless search of appellant's pants' pockets. The parties agreed to resolve the case on the merits, on a stipulated record. This stipulated record is absolutely devoid of facts presenting any exception to the warrant requirement applicable to Officer Stephens's search of appellant's pants' pockets. In the cases cited by both parties on brief and relied upon by the trial court - Craft v. Commonwealth, 221 Va. 258, 269 S.E.2d 797 (1980), and Morris v. Commonwealth, 208 Va. 331, 157 S.E.2d 191 (1967), – the appellants were both suspects in crimes. In the present case, there is no evidence that appellant was anything more than the victim of a gunshot wound. No context for the shooting, any investigation into the shooting, or any other reason for Officer Stephens's presence in the ambulance was provided, other than that he was attending to the victim of a potential crime. Simply stated, the Commonwealth cannot overcome the presumption of unreasonableness of a warrantless search based on the record before us.[2] Accordingly, we agree with appellant that Officer Stephens's

---

[2] The Commonwealth argues that Officer Stephens conducted a lawful inventory search of appellant's pants' pockets pursuant to the community caretaker doctrine and in accordance with the Newport News Police Department's Property and Evidence policy. Though the Commonwealth attached a portion of the policy to its written response to appellant's motion to suppress, the policy was not admitted into evidence and the record is insufficient for this Court to consider whether the policy applied under the circumstances, and if so, whether Officer Stephens acted properly in accordance with the policy.

Furthermore, even if Officer Stephens acted pursuant to the community caretaker doctrine when searching appellant's pants' pockets, that action must be supported by (1) the officer's contact being reasonable, (2) the intrusion must be limited, and (3) the officer must not

- 4 -

search of his pants' pockets was a violation of appellant's Fourth Amendment rights. Having

reached this conclusion, we need not address the other arguments presented by the parties. See

Sanders v. Commonwealth, 64 Va. App. 734, 742 n.3, 772 S.E.2d 15, 19 n.3 (2015) ("An

appellate court decides cases on the best and narrowest ground." (citing Luginbyhl v.

Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*)).

Therefore, we hold that the trial court erred in failing to suppress the cocaine obtained as

the result of this illegal search. Without the ability to present the contraband recovered from the

warrantless search, there is no evidentiary basis for the Commonwealth to maintain its

prosecution. Accordingly, appellant's conviction for possession of cocaine is reversed and the

charge is dismissed.

Reversed and dismissed.

---

be investigating criminal conduct under a pretext of exercising his community caretaker
function. Commonwealth v. Waters, 20 Va. App. 285, 290, 456 S.E.2d 527, 530 (1995).
Moreover, actions taken pursuant to the community caretaker function must be based on
"reasonable and articulable suspicion . . . that a citizen is in distress or in need of assistance."
Barrett v. Commonwealth, 18 Va. App. 773, 778, 447 S.E.2d 243, 246 (1994), rev'd on other
grounds, 250 Va. 243, 462 S.E.2d 109 (1995). The record in the instant case satisfies none of the
required factors.