COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

DOUGLAS LEON JONES

v.      Record No. 0382-18-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
APRIL 23, 2019

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

John B. Mann for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant, Douglas L. Jones, entered conditional guilty pleas to charges of possession of

ammunition after having been convicted of a felony and possession of heroin.[1]  He argues on

appeal that the trial court erred in denying his motion to suppress evidence obtained by police

officers following a traffic stop.  We hold that under existing case law, the evidence should have

been suppressed.

BACKGROUND

On June 8, 2017, Officer Stephens of the Henrico County Police Department stopped

appellant's car in a "high drug area" for a suspected window tint violation.  Upon checking the

license plate number, the officer learned that there was possibly a warrant for appellant's arrest.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The sentencing order does not reflect that appellant entered conditional guilty pleas, but
the transcript of the plea hearing on February 15, 2018, shows that conditional pleas were
entered.  On remand, the trial court should correct this clerical error.  See Code § 8.01-428(B).

Stephens ordered appellant out of the car and handcuffed him. When appellant opened his car door, Stephens saw in plain view folded lottery tickets in the door pocket consistent with drug packaging. Stephens testified at the suppression hearing that in the previous few years "well over fifty percent of the time, heroin packaged for sale or use is packaged in folded lottery tickets of some kind."[2]

After Stephens determined that the warrant was not active, he removed appellant's handcuffs. The officer then removed a folded lottery ticket from the door compartment, unfolded it, and determined that it did not contain any drugs. He removed a second ticket from the door, opened it, and "could see tan powder residue [he knew] to be consistent with heroin." Stephens asked appellant if there were more drugs in the car. Although appellant denied having more drugs in the car, Stephens found a folded lottery ticket in the car's center console when he searched the car. That ticket contained a tan powder that Stephens believed was heroin.

Officer Gilroy also was present during the traffic stop. After Stephens found the residue in the ticket in the door, Gilroy placed appellant back in handcuffs and advised him of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). After Stephens found the heroin and a cut straw in the center console, appellant admitted that he used the straw to ingest heroin. Appellant also admitted that the police might find more drugs in his house and signed a consent waiver allowing a search. The police found ammunition in appellant's residence.

ANALYSIS

The denial of a motion to suppress evidence is reviewed on appeal in the light most favorable to the Commonwealth with the benefit of all reasonable inferences fairly deducible

---

[2] Officer Lafollette responded to the scene to check the window tint of appellant's car. He also saw the folded lottery tickets in the door panel. He testified at the suppression hearing as an expert in drug packaging that heroin was "commonly packaged" in folded lottery tickets and that ninety-five percent of the folded tickets with which he had come in contact had held heroin.

from that evidence accorded to the Commonwealth. See Sidney v. Commonwealth, 280 Va. 517, 520 (2010). The appellant must show that the denial of the suppression motion was reversible error. Id. at 522. The appellate court is bound by the circuit court's findings of fact unless "plainly wrong or without evidence to support them." Gregory v. Commonwealth, 64 Va. App. 87, 93 (2014). This Court gives deference to the trial court's findings of fact, but reviews *de novo* the trial court's application of the law to the particular facts of the case. Glenn v. Commonwealth, 275 Va. 123, 130 (2008).

Probable cause is a flexible, common-sense standard, requiring only a probability of criminal activity. See Harmon v. Commonwealth, 15 Va. App. 440, 444 (1992) ("[a]ctual proof that criminal activity *is* afoot is not necessary; the record need only show that it *may* be afoot"); see also District of Columbia v. Wesby, 138 S. Ct. 577, 586 (2018) ("Probable cause 'is not a high bar.'" (quoting Kaley v. United States, 134 S. Ct. 1090, 1103 (2014))). Therefore, "[u]nlike a factfinder at trial, 'reasonable law officers need not resolve every doubt about a suspect's guilt before probable cause is established.'" Joyce v. Commonwealth, 56 Va. App. 646, 660 (2010) (quoting Slayton v. Commonwealth, 41 Va. App. 101, 107 (2003)). Whether probable cause exists is determined by examining the "totality-of-the-circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Appellant argues that the initial search of the lottery tickets in the car door was unlawful and that all evidence stemming from that search should have been suppressed. We agree. Under existing precedent of both our Supreme Court and this Court, a police officer may seize and search an item only if its "incriminating character" is "immediately apparent." The record here does not establish that fact.

In Grandison v. Commonwealth, 274 Va. 316 (2007), an officer conducted a pat-down search of Grandison following a traffic stop of a vehicle that had been reported stolen. Id. at

318. The officer observed "a folded dollar bill protruding from Grandison's watch pocket." Id. at 321. The officer recognized the fold as an "apothecary fold" and removed the dollar bill because, based on his training and experience, he knew that drugs were frequently packaged in such a manner. Id. at 319. The officer found cocaine inside the dollar bill, and Grandison was convicted of possession of cocaine. Id. at 318-19. However, the Supreme Court of Virginia reversed his conviction because the dollar bill was an object with a legitimate purpose and "[n]o other circumstances indicated criminal activity." Id. at 321. The Court concluded that the officer lacked probable cause to remove the dollar bill from Grandison's pocket. Id.

The Supreme Court reached a similar conclusion in Cost v. Commonwealth, 275 Va. 246 (2008). In Cost, a police officer felt "numerous capsules" in Cost's pants pocket during a pat-down search, which he removed because he "knew," based on his training and experience, that they contained heroin. Id. at 249-50. Reversing the conviction, the Court determined that "the character of the capsules seized from Cost's pants pocket could not have been immediately apparent to Officer Davis as a result of the pat-down search" because legal medications such as Motrin and Tylenol are frequently packaged in capsule form. Id. at 253-54.

In Cauls v. Commonwealth, 55 Va. App. 90 (2009), a police officer saw "the knotted and frayed end of a plastic baggy protruding from the watch pocket" of Cauls' pants and removed the baggy. Id. at 95. Following the holdings of Grandison and Cost, this Court reversed the conviction for possession of cocaine because "plastic baggies are often used for legitimate purposes that do not involve the packaging of narcotics" and the officer's "observation of the plastic knot and fray, standing alone, could not provide him with probable cause because the object's incriminating character was not immediately apparent." Id. at 101-02.

The facts in this case raise a similar concern as in Grandison, Cost, and Cauls. Lottery tickets have a legitimate purpose. The incriminating nature of the folded tickets that Officer

Stephens saw in appellant's car was not immediately apparent to him. Accordingly, we hold that the trial court erred in denying the motion to suppress the evidence found in appellant's car.

Further, we conclude that the statements appellant made to the officers and the additional evidence found at his house also should have been suppressed. This evidence is not attenuated from the primary taint associated with the evidence initially found in appellant's car. See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).

CONCLUSION

We hold that the presence of folded lottery tickets in appellant's car did not give Officer Stephens probable cause to seize and search the tickets and, thus, the trial court erred in denying appellant's motion to suppress evidence. We reverse appellant's convictions and remand the case.

Reversed and remanded.